IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANGELA NAILS,

                      Plaintiff,                    OPINION and ORDER

    v.

                                          24-cv-754-wmc

TRUE STAGE ACCIDENTAL INSURANCE,

                      Defendant.

Representing herself, plaintiff Angela Nails has filed a civil action against defendant True Stage Accidental Insurance ("TruStage"),[1] alleging that defendant has violated Wisconsin state law by denying insurance coverage for a broken right pinkie finger. (Dkt. #1.) She seeks damages in an amount of $25,000 pursuant to an insurance policy that guaranteed $2,000 of coverage paid for by non-defendant Advia Credit Union along with $50,000 in additional coverage for accidental death or dismemberment. (*Id*. at 2; Dkt. #1-1, at 1.) Plaintiff has requested leave to proceed in forma pauperis. (Dkt. #2.) After reviewing the pleadings as required under 28 U.S.C. § 1915(e)(2)(B), the court concludes that the complaint is subject to dismissal for lack of jurisdiction for the reasons explained below.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent

---

[1] Nails identifies the defendant as "True Stage Accidental Insurance," but it appears from exhibits attached to the complaint that defendant's actual name is "TruStage." (Dkt. #1-1, at 1.)

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has authorized federal district courts to hear (1) cases that raise a federal question; and (2) cases in which there is diversity of citizenship among the parties. *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331-1332). It is well established that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (citations omitted).

The complaint does not assert a federal cause of action or otherwise implicate a federal question showing that jurisdiction exists under 28 U.S.C. § 1331. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958-59 (7th Cir. 2021) (describing federal-question jurisdiction). To establish diversity jurisdiction under 28 U.S.C. § 1332, a complaint must allege complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. "Complete diversity" exists when no plaintiff is from the same state as any defendant. *Smart*, 562 F.3d at 803.

Plaintiff reportedly resides in Savannah, Georgia, and alleges that defendant TruStage has a business address for service of process in Madison, Wisconsin. (Dkt. #1, at 1-2.) Neither allegation is sufficient to establish citizenship. For individuals,

"citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)). Courts determine a person's domicile based on their (1) physical presence and (2) intent to remain. *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020).

In addition, if defendant TruStage is a corporation, it is a citizen of two states: the state of its incorporation and the state where it has its principal place of business. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). A corporation's "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Plaintiff provides no information about defendant's incorporation status, principal place of business, or citizenship.

More importantly, even assuming that complete diversity was established, the complaint is still insufficient to establish jurisdiction under 28 U.S.C. § 1332 because it does not allege an amount in controversy exceeding $75,000. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) ("To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that 'the controversy entails a dispute over more than $75,000, exclusive of interests and costs.'") (citation omitted). Accordingly, plaintiff has not met her burden to plead facts establishing that federal subject matter jurisdiction exists.

Because plaintiff represents herself and proceeds in forma pauperis, the court will grant her an opportunity to file an amended complaint that establishes federal subject

matter jurisdiction. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Plaintiff is advised that, before she can allege that the amount in controversy exceeds $75,000, she must first conduct a reasonable investigation and form a good faith belief that her claims against the defendant are worth more than $75,000. Second, even if plaintiff believes in good faith that her claims are worth more than $75,000, plaintiff must make sure that she has a right to relief in this court before she files a new complaint.

Given her extensive litigation history, plaintiff is further advised that any submission she presents to the court must comply with Federal Rule of Civil Procedure 11, which prohibits a litigant from making allegations in legal documents that the person knows to be false.[2]  Fed. R. Civ. P. 11(b).  It also prohibits a person from making factual allegations that are not supported by evidence or by a good faith belief that such evidence

---

[2] Court records show that plaintiff is a frequent filer who has been restricted from proceeding in forma pauperis in the Southern District of Georgia. *Nails v. Davis*, No. CV422-110, 2022 WL 1908831, at * 3 (S.D. Ga. May 9, 2022) (observing that plaintiff "appears to file a federal lawsuit at the slightest inconvenience," and referencing filing restrictions, including the requirement of posting a $1,000 contempt bond if permitted to proceed);  *see also Nails v. Sedgwick Claims Mgmt. Servs., Inc.*, No. CV423-169, 2024 WL 168307, at *1 (S.D. Ga. Jan. 16, 2024) (referencing plaintiff's "history of vexatious and frivolous litigation in this Court and in others").  She has also been enjoined from proceeding in the Eastern District of Michigan for filing frivolous lawsuits. *Nails v. City of Dearborn*, No. 22-cv-50709, 2022 WL 1194057, at *1 (E.D. Mich. April 21, 2022) (referencing *Nails v. Smith*, No. 2:17-cv-12947 (E.D. Mich April 13, 2018)).  Other courts have referenced these sanctions and similarly observed that plaintiff is a vexatious litigant.  *See Nails v. Bano*, No. 23-4114, 2024 WL 307639, at *1 (D. Kan. Jan. 26, 2024) (denying leave to amend based on plaintiff's "lengthy history of filing baseless cases in this Court"); *Nails v. Midland City Housing Auth.*, 2023 WL 1458078, at *1-2 (M.D. Ala. Jan. 20, 2023) (noting that plaintiff has filed more than 60 cases in this court since 2006).

will be found during a reasonable investigation. *See id*. Finally, it prohibits a person from making legal arguments that are not supported by the law. *See id.* If a person violates Rule 11, she may face sanctions, including monetary penalties. Fed. R. Civ. P. 11(c). Apart from Rule 11, federal courts also have inherent authority to sanction litigants who act in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Sanders v. Melvin*, 25 F.4th 475, 480 (7th Cir. 2022).

ORDER

IT IS ORDERED that:

1. Plaintiff Angela Nails shall have until **December 5, 2024,** to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction.

2. Plaintiff is advised that any failure to amend within the time allowed will result in prompt dismissal of this action without prejudice for lack of subject matter jurisdiction.

Entered this 14th day of November, 2024.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge